# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI – GREENVILLE DIVISION

| | |
|---|---|
| LACI ISLER, a minor, who sues by and through her mother and next friend, BRITTANY ISLER, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, PHC-CLEVELAND, INC. d/b/a BOLIVAR MEDICAL CENTER, LIFEPOINT HOSPITALS, INC. | CIVIL ACTION NUMBER <br><br> 4:15-CV-146-SA-JMV |

## COMPLAINT

Plaintiffs Brittany Isler, individually, and as mother, guardian, and next friend of Laci Isler, a minor child (hereinafter "Plaintiffs") state the following as their Complaint against the Defendants:

## NATURE OF ACTION

1. This is a tort action against the United States under the Federal Tort Claims Act, alleging medical negligence by a United States government employee in the care and treatment of Brittany and Laci Isler, by Dr. Gregory Norwood, M.D. This is also a tort action against PHC-Cleveland, Inc. d/b/a Bolivar Medical Center, and LifePoint Hospitals, Inc. for negligence during the same events as described below. As a result of these negligent acts and omissions of these Defendants and/or their employees, Laci Isler now suffers from "Erb's Palsy secondary to shoulder dystocia," and debilitating nerve damage to her right arm. She has had to undergo numerous medical treatments and tests including surgery, and she has incurred medical, hospital, drug, therapy and rehabilitation expenses and will continue to incur the same in the future. She

has undergone and will continue to undergo pain, suffering mental anguish, and loss of enjoyment of life.  She will in the future be caused to experience a loss of earning capacity; and she has been permanently injured and/or disfigured.  Plaintiffs have complied with all jurisdictional requirements and conditions precedent to the filing of this suit, as alleged in greater specificity below.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1346 (b) because this is an action on claims against the United States for money damages based upon personal injuries caused by the negligent and wrongful acts and omissions of a government employee while acting within the course and scope of his employment, under circumstances where the United States, if a private person, would be liable to Plaintiffs in accordance with the law of the State of Mississippi.

3. Plaintiffs have complied with all jurisdictional prerequisites to the filing of this action against the United States.  Specifically, on March 18, 2015, through the undersigned counsel, plaintiffs presented the claims alleged in this action to the appropriate federal agency for disposition by sending a completed Standard Form 95 to the United States Department of Health and Human Services (hereinafter "the Department"), by certified mail, return receipt requested.

4. On September 25, 2015, the Department rejected Plaintiffs' claims  Plaintiffs are therefore entitled to institute this action in this Court and this Court possesses subject-matter jurisdiction to decide Plaintiffs' claims.

5. This Court has pendent jurisdiction of the Plaintiffs' claims against PHC-Cleveland, Inc. and LifePoint Hospitals, Inc.  In compliance with Mississippi Code Annotated, § 11-1-58, attached hereto is the Attorney Certificate of R. Edwin Lamberth, Counsel for the Plaintiff, in the above-styled case.

**THE PARTIES**

6. Plaintiffs are residents of Bolivar County, Mississippi.

7. All medical care undertaken by Dr. Gregory Norwood, M.D. was undertaken within the course, line and scope of his employment with the United States of America, which is vicariously liable for the acts and/or omissions of Dr. Norwood.

8. All of the actions by medical and nursing personnel employed by Defendants PHC-Cleveland, Inc. d/b/a Bolivar Medical Center and/or LifePoint Hospitals, Inc. were undertaken within the course, line and scope of their employment with PHC-Cleveland, Inc. d/b/a Bolivar Medical Center and/or LifePoint Hospitals, Inc. PHC-Cleveland, Inc. d/b/a Bolivar Medical Center and/or LifePoint Hospitals, Inc. are therefore vicariously liable for any and all of the negligent acts and omissions of the medical and nursing personnel.

**CLAIM FOR RELIEF AND DAMAGES**

9. On or about November 7, 2012 and for some time thereafter, Brittany Isler was admitted to Bolivar Medical Center for labor and delivery of her daughter Laci Isler.

10. During said hospitalization the Defendants and/or their agents, servants and employees were responsible for the care and treatment of Brittany Isler and/or her daughter Laci Isler. At said time and place the Defendants negligently failed to provide reasonably proper and adequate medical and/or nursing services to Laci and/or Brittany Isler in one or more of the following respects:

    (a) Negligently breached the applicable standard of care by negligently failing to properly and timely recognize and treat Laci and/or Brittany Isler in the face of complications with delivery;

(b)     Negligently breached the applicable standard of care by failing to recognize and/or ascertain the size of the baby and consider or pursue alternate methods of birth such as caesarian section;

(c)     Negligently breached the applicable standard of care by applying fundal pressure to Ms. Isler's abdomen in an attempt to hasten and/or complete the delivery of Laci;

(d)     Negligently breached the applicable standard of care by pulling on Laci's head during the birth in such a manner as to cause impingement of her right shoulder causing serious and permanent injury to Laci;

(e)     Negligently breached the applicable standard of care by negligently failing to comply with the hospital's applicable policies and procedures;

(f)     Negligently failing to exercise reasonable and due care and training its agents, servants and/or employees to follow the applicable rules, regulations, policies and procedures covering the care and treatment of a laboring mother and baby.

(g)     Negligently failing to exercise reasonable and due care in supervising its agents, servants and/or employees in the care of Brittany Isler and her daughter, Laci Isler during the labor of Brittany Isler.

11.     The Defendants PHC-Cleveland, Inc. d/b/a Bolivar Medical Center and/or LifePoint Hospitals, Inc. are vicariously liable to the Plaintiffs for the negligent medical and/or nursing care of the hospital's nurses and medical personnel, and their agents servants and employees who contributed to the negligence stated above and/or failed to take appropriate steps to prevent or mitigate the negligent acts.

12.     The Defendants, separately and severally and/or in combination and concurrence, breached the applicable standards of care as stated above, which resulted in Plaintiffs' injuries and damages as set forth below.

13. As a proximate consequence of the medical and/or nursing negligence of the Defendants, as aforesaid, Plaintiff Laci Isler was injured and damaged as follows: She was diagnosed as suffering from "Erb's Palsy secondary to shoulder dystocia", and suffered and will continue to suffer with nerve damage to her right arm; she has had to undergo numerous medical treatments and tests including surgery; she has incurred medical, hospital, drug, therapy and rehabilitation expenses and will continue to incur the same in the future; she has undergone and will continue to undergo pain, suffering mental anguish, and loss of enjoyment of life; she will in the future be caused to experience a loss of earning capacity; she has been permanently injured and/or disfigured.

14. As a further proximate consequence of the negligence of the Defendants, Plaintiff Brittany Isler, individually, has been caused to suffer the following injuries and damages: She has been caused to suffer emotional distress, grief, inconvenience, and mental anguish and will so suffer in the future; she has lost time and wages from work; she has been caused the loss of Laci Isler's services and consortium during the period of her injury and convalescence; they have been caused to incur medical expenses for the care and treatment of Laci Isler, and will be caused to incur additional expenses in the future.

WHEREFORE, Plaintiffs pray for judgment against the Defendants for compensatory damages for the aforesaid injuries and damages, plus interest and costs.

Attorney for the Plaintiffs

By: *(signature)*

R. EDWIN LAMBERTH
Mississippi Bar Number: 99887

**OF COUNSEL:**

R. Edwin Lamberth (MB# 99887)
GILMORE LAW FIRM
Post Office Box 729
Grove Hill, Alabama 36451

(251) 275-3115   Telephone
(251) 275-3847   Facsimile
rel@gilmorelawfirm.com


**TO BE SERVED BY PLAINTIFFS VIA U.S. MAIL, CERTIFIED, RETURN RECEIPT**

Kimberly N. Howland
WISE CARTER CHILD & CARAWAY, PA
600 Heritage Building
401 East Capitol Street
Post Office Box 651
Jackson, Mississippi 39205

Felicia Adams
United States Attorney for the
Northern District of Mississippi
United States Attorney's Office
900 Jefferson Avenue
Oxford, Mississippi 38655

Loretta Lynch
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001

PHC- Cleveland, Inc.
d/b/a Bolivar Medical Center
C/O CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

Lifepoint Hospitals, Inc.
C/O CT Corporation System
Ste 2021
800 S Gray Street
Knoxville, Tennessee 37929-9710


By: _____
         R. EDWIN LAMBERTH